Argued and submitted January 29, affirmed August 4, 1999, petition for review denied January 25, 2000 (329 Or 607)

## PAUL FREDERICK JANCSEK, III,
*Petitioner,*

*v.*

## BOARD OF PAROLE
## AND POST-PRISON SUPERVISION,
*Respondent.*

(CA A98684)

987 P2d 20

Stephen A. Lipton argued the cause and filed the brief for petitioner.

John T. Bagg, Assistant Attorney General, argued the cause for respondent. With him on the brief was Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Deits, Chief Judge,* and Armstrong, Judge.

DEITS, C. J.

---

* Deits, C. J., *vice* Warren, P. J., retired.

## DEITS, C. J.

Petitioner seeks review of a decision of the Board of Parole and Post-Prison Supervision that established the prison term for his 1984 murder conviction.[1] The only issue that petitioner raises that requires discussion is whether the Board had the authority to increase his base term by three standard variations, for a total increase of 108 months. We affirm.

The trial court sentenced defendant to life imprisonment. In accordance with the matrix system that was in effect at the time of the crime, the Board determined his base matrix range. It then determined that there were two aggravating factors, either one of which, it concluded, would justify enhancing the sentence. By a unanimous vote of its three members, the Board then applied three standard variations and set his term at 240 months.[2]

Petitioner argues that the applicable Board rule, *former* OAR 255-35-035 (1982), does not authorize the Board to increase his sentence by more than one standard variation, or 36 months. At the time of the adoption of the rule, and at the time of petitioner's crime, the Board had five members. ORS 144.005(1) (1983). The rule provided that, for crimes of the seriousness of petitioner's, three of those members could approve a single standard variation of 36 months, that four could approve two standard variations, or 72 months, and that, if all five agreed, then the Board could approve three standard variations, or 108 months. The Board repealed that rule in 1988, but it continues to apply to petitioner because he committed his crime while it was in effect.

In 1991, the legislature changed the Board's composition so that it is now authorized to have between three and five members. Or Laws 1991, ch 126, § 1. The Board in fact had three members in 1996, when it determined petitioner's

---

[1] The reasons that this question arose so long after defendant's conviction and sentence are not relevant to the issues that we decide.

[2] The Board previously had reduced petitioner's sentence by a total of 36 months because of his good conduct while in prison. As a result, the actual release date is February 3, 2001, rather than February 3, 2004, which it otherwise would be.

sentence, and in 1997, when it rejected his request for administrative review of that decision. Thus, only three, rather than five, members voted to apply three standard variations to petitioner's sentence; those three members, however, represented the unanimous decision of the entire Board.

Petitioner, reading *former* OAR 255-35-035 literally, argues that the rule means precisely what it says: Five members must agree before the Board can apply three standard variations to this sentence. Because there are only three members available, thus, it is legally impossible for the Board to authorize more than one standard variation. Petitioner's argument has a certain amount of literal plausibility, but it ignores both the purpose of the rule and the effect of the changes that occurred after the Board adopted it and after he committed his crime. The rule uses specific numbers, based on the composition of the Board at the time of its adoption, to achieve a specific purpose: it permits a simple majority of the Board to agree on one standard variation but requires unanimity for three standard variations. The precise numbers that the rule provides necessarily assume a Board of the size that it was at the time of the adoption of the rule. Because the Board's size changed *after* the rule's repeal in 1988, there was no opportunity or reason to change those precise numbers in the rule. The Board could not amend a repealed rule. That does not mean, however, that the Board cannot apply the rule appropriately in the new situation.

The effect of the rule is to require at least a majority of the members to agree on one standard variation, at least 80 percent to agree on two standard variations, and all to agree on three standard variations. Here, the Board unanimously applied three standard variations to petitioner's sentence. In doing so, it met the requirements of the rule in the only way that it could after the change in its size. Its action was consistent with the underlying purpose of the rule and did not deprive petitioner of any right under it. The Board acted within its authority, and we therefore affirm its decision.

Affirmed.